ROBERTA LYNNE CANUL, Appellant, v.
FRANCISCO A. CANUL, Respondent.

No. 8509

August 17, 1977                    567 P.2d 476

*Douglas R. Pike,* Las Vegas, for Appellant.

*Roy A. Woofter,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

After the trial court entered judgment dissolving the parties'
marriage and distributing their community property, Roberta
Lynne Canul appealed contending the trial court erred (1) by

refusing to compel pre-trial discovery, (2) by admitting certain evidence, and (3) in distributing the property. Appellant's last contention has merit and necessitates further proceedings.

1. Appellant asserts the trial court erred by not compelling respondent to answer interrogatories served upon him pursuant to NRCP 33. During a hearing on this matter, the parties stipulated that answering the interrogatories would be unnecessary if respondent would testify he had disclosed all his property interests in a previous deposition. At trial, respondent satisfied this requirement, and appellant now cannot complain of error. Second Bapt. Ch. v. Mt. Zion Bapt. Ch., 86 Nev. 164, 466 P.2d 212 (1970).

2. We also reject appellant's contention the trial court erred in admitting certain evidence. Appellant has neither suggested nor demonstrated that she was in any way prejudiced by the evidence. "[E]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, . . ." NRS 47.040(1).

3. Finally, appellant attacks the trial court's distribution of the property. We agree that a portion of the distribution was erroneous. The residence, located at 1132 15th Street, in Las Vegas, was classified as community property; however, it was merely held for the benefit of a third party. Also, there are two insurance policies which the court failed to classify or distribute. Otherwise, the distribution is equitable and we perceive no abuse of discretion. NRS 125.150; Armour v. Armour, 93 Nev. 63, 560 P.2d 148 (1977); Benavidez v. Benavidez, 92 Nev. 539, 554 P.2d 256 (1976).

The judgment is affirmed except that portion dealing with the residence and insurance policies, which is reversed and remanded for further proceedings.